■ JAMIE BROOKE, INC., Appellant, v ZURICH-AMERICAN INSURANCE CO., Respondent. [748 NYS2d 5] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about April 27, 2001, which, in an action to recover on a fidelity insurance policy, denied plaintiff insured's motion for summary judgment, and, upon a search of the record, granted defendant insurer summary judgment dismissing the complaint, unanimously affirmed, with costs.

It appears that plaintiff manufactures clothing; that plaintiff's employee forged purchase orders for garments that were never ordered by plaintiff's customers; that plaintiff manufactured the garments called for in the purchase orders; and that plaintiff, after learning that the orders were fake, was able to sell the garments only below cost, sustaining a loss that it seeks to recover under its fidelity policy with defendant. Insofar as pertinent, the policy covers losses caused by dishonest employee acts committed "with the manifest intent to * * * obtain financial benefit [for the employee] (other than employee benefits earned in the normal course of employment, including: salaries, commissions, fees, bonuses, promotions, awards, profit sharing or pensions)." The motion court found that the employee's dishonesty was motivated by a desire to obtain a bonus, and that there was therefore no coverage. Plaintiff argues that although the form of benefit that the employee apparently had in mind was some sort of a bonus or other extraordinary reward for delivering an unusually high volume of orders, in point of fact it does not pay its employees bonuses, and that the hoped-for bonus therefore does not fall within the exclusion for "employee benefits earned in the normal course of employment." This argument overlooks that the exclusion depends not on the employee's entitlement to or receipt of a bonus or other normal form of employee financial benefit, but on the employee's "manifest intent" to obtain such a benefit. Since plaintiff acknowledges that its employee's dishonesty was apparently motivated by the hope of obtaining some form of extra compensation for the extra volume, the exclusion applies, and it does not avail plaintiff that its employee was apparently misinformed as to his compensation arrangement (*cf.*

*Aetna Cas. & Sur. Co. v Kidder, Peabody & Co.*, 246 AD2d 202, 209, *lv denied* 93 NY2d 805). Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.